IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TREMAINE DESHUN LEIGH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:24-cv-130-MTT-TQL |
| | : | |
| HANCOCK STATE PRISON WARDEN, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

# ORDER

On April 3, 2024, the United States District Court for the Northern District of Georgia docketed a three-page letter in which Plaintiff Tremaine Deshun Leigh, a prisoner confined in Hancock State Prison in Sparta, Georgia, complained of various "magical powers," "street wars," and "murder cult[s]" at Hancock State Prison. ECF No. 1 at 1-2. That Court construed the action to be brought under 42 U.S.C. § 1983 and transferred it to this Court. ECF Nos. 2; 3; 4.

This Court ordered Plaintiff to file his complaint on the standard 42 U.S.C. § 1983 form and either pay the filing fee or move to proceed *in forma pauperis*. ECF No. 8. Plaintiff failed to respond to this Order. On July 22, 2024, the Court ordered Plaintiff to show cause why his action should not be dismissed for failure to follow the Court's instructions. ECF No. 9. Plaintiff then filed his recast complaint, but he failed to sign the complaint. ECF No. 11.

The Clerk's Office notified Plaintiff that, pursuant to Federal Rule of Civil

Procedure 11, he must sign his complaint. *See* Notice of Deficiency (M.D. Ga. Aug. 13, 2024). Plaintiff was informed that he had fourteen days to sign and re-file the complaint or his action may be dismissed. *Id*. Plaintiff failed to respond. The Clerk's Office forwarded a second Notice of Deficiency to Plaintiff giving him an additional fourteen days to sign and re-file his complaint. *See* Notice of Deficiency (M.D. Ga. Sept. 6, 2024). Plaintiff was informed that the Judge would be notified if he failed to respond to this second Notice of Deficiency and his action may be dismissed. Plaintiff has again failed to respond.

Due to Plaintiff's failure to follow the Court's Orders and prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (first citing Fed. R. Civ. P. 41(b); then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 2nd day of October, 2024.

S/ Marc T. Treadwell

MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT